UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-218(3) (ADM/ECW)

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | PLEA AGREEMENT AND |
| v. | ) | SENTENCING STIPULATIONS |
|  | ) |  |
| KARLA BEATRIZ VALDEZ, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

The United States of America and the defendant, KARLA BEATRIZ VALDEZ, agree to resolve this case on the following terms and conditions. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Count 1 of the Indictment, which charges her with conspiracy to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. The government agrees to move to dismiss the remaining counts of the Indictment as to this defendant at the time of sentencing.

2. **Factual Basis.** The defendant is pleading guilty because she is in fact guilty of Count 1 of the Indictment. By pleading guilty, the defendant admits the following facts and admits that those facts establish her guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines: From in or about May 2021, and continuing through on or about September 7, 2022, the defendant conspired

with Fernando Alfredo Tello-Mejia, Brayam Arellanes-Rivera and others to distribute 50 grams or more of actual methamphetamine. During the period of the conspiracy, the defendant and her co-conspirators distributed methamphetamine to various customers in the Twin Cities area and elsewhere. From May 12, 2021, through October 19, 2021, the defendant participated in four separate transactions in which a confidential source purchased a total of approximately 1,350 grams of high purity methamphetamine and 135 grams of fentanyl. The defendant stipulates and agrees that she participated in the distribution of the above-described controlled substances, that she conspired and agreed with Tello-Mejia and Arellanes-Rivera to distribute them, that she acted voluntarily, and that she knew her actions violated the law.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that she has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file any pretrial motions in this case.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that she has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that she has the right to an attorney at every

2

stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that she has the right to persist in a plea of not guilty and, if she does so, she would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences**. The defendant understands that as a result of her conviction, she could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties**. The defendant understands that Count 1 of the Indictment is a felony offense that carries the following statutory penalties:

    a. a mandatory minimum of 10 years in prison;

    b. a maximum of life in prison;

    c. a supervised release term of at least five years and up to a maximum supervised release term of life;

    d. a maximum fine of $10,000,000;

    e. assessment to the defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920;

    f. a mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013(a)(2)(A);

    g. the possible loss of eligibility for federal benefits pursuant to 21 U.S.C. § 862(a)(1); and

    h. the forfeiture of drug-related assets.

7. **Guideline Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. §§ 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence. The parties stipulate to the following guideline calculations:

   a. Base Offense Level. The parties agree that the base offense level would normally be 34 because the offense involved approximately 1,350 grams of actual methamphetamine and 135 grams of fentanyl. USSG § 2D1.1(c)(3) (at least 10,000 kilograms but less than 30,000 kilograms of converted drug weight). Because the parties agree that the defendant should receive a mitigating role adjustment, however, the base offense level would be 31. USSG § 2D1.1(a)(5).

   b. Specific Offense Characteristics. The defendant reserves the right to argue that she is "safety-valve" eligible. USSG § 2D1.1(b)(18). The parties agree that no other specific offense characteristics apply in this case.

   c. Chapter 3 Adjustments. The parties agree that the defendant should receive a two-level reduction in the offense level for being a minor participant. USSG 3B1.2(b). The parties agree that no other Chapter 3 adjustments apply (except as provided for in paragraph 7.d., below).

   d. Acceptance of Responsibility. The government agrees to recommend that the defendant receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a). As the defendant has timely notified the government of her intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional one-level reduction pursuant to USSG § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. The defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3)

the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. Nothing in this agreement limits the right of the government, pursuant to USSG §§ 3C1.1 and 3E1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw her guilty plea after it is entered.

e. Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into criminal history category I. USSG § 4B1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within her criminal history under the Sentencing Guidelines, the defendant will be sentenced based on her true criminal history category, and she will not be permitted to withdraw from this Plea Agreement.

f. Guideline Range. If the adjusted offense level is 27 (base offense level of 31, reduced by two levels under the "safety-valve" provisions, reduced by two levels for being a minor participant, and reduced by three levels for timely acceptance of responsibility), and the criminal history category is I, the Sentencing Guidelines range would be 51 to 63 months of imprisonment (24/I).

g. Sentencing Guidelines Amendment. The Court must apply the Guidelines Manual in effect at the time of sentencing. USSG § 1B1.11(a). The United States Sentencing Commission recently proposed an amendment to the Guidelines, however, that would grant a two-level reduction under USSG § 4C1.1 for most defendants with zero criminal history points. The amendment is slated to take effect on November 1, 2023, unless rejected by proper authority or withdrawn by the Commission. If the defendant is sentenced before that date, and the amendment is still slated to take effect on November 1, 2023, the government will join the defendant in a motion for a two-level variance if the defendant would otherwise be eligible for the reduction; provided, however, the defendant agrees not to seek, by any means, including through a motion pursuant to 18 U.S.C. § 3582(c), a further reduction on

5

similar grounds. The variance would result in a recommended sentencing range of 41 to 51 months (22/I).

  h. <u>Fine Range</u>. If the adjusted offense level is 24, the Sentencing Guidelines fine range would be $20,000 to $10,000,000.

  i. <u>Supervised Release</u>. The Sentencing Guidelines specify a term of supervised release of five years. USSG § 5D1.2.

 8. **Revocation of Supervised Release**. The defendant understands that if she were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3); USSG §§ 7B1.4 and 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

 9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

6

10. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw her guilty plea.

11. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the special assessment prior to or at the time of sentencing.

12. **Disclosure of Assets**. The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of her guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate her ability to satisfy financial obligations imposed by the Court.

If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

13. **Forfeitures**. The defendant agrees to forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any and all property constituting, or derived from, any proceeds she obtained directly or indirectly as a result of Count 1 of the Indictment, and any and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of said violation.

14. **Waiver of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, her sentence, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by the defendant of the substantive reasonableness of a term of imprisonment above the high end of the Guidelines range determined by the district court. The defendant also waives the right to petition the Court under 28 U.S.C. § 2255 except based upon claims of ineffective assistance of counsel or any future retroactive changes to the law. The defendant has discussed these rights with her attorney. The defendant understands the rights being waived, and she waives these rights knowingly, intelligently, and voluntarily. The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below the low end of the Guidelines range determined by the district court.

15. **FOIA Requests**. The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552 and 552A.

16. **Complete Agreement**. The defendant acknowledges that she has read this plea agreement and has carefully reviewed each provision with her attorney. The defendant further acknowledges that she understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ANDREW M. LUGER
United States Attorney

Date: 10/18/2023

BY: THOMAS M. HOLLENHORST
Assistant United States Attorney
Attorney ID No. 46322

Date: 10/18/2023

KARLA BEATRIZ VALDEZ
Defendant

Date: 10-18-23

MATTHEW J. MANKEY, ESQ.
Attorney for Defendant

9